Cum a, per Earle, J.
The decree of the circuit court can only be sustained, on the ground that this is a case of dependent and concurrent covenants ; and although the payment of the money was the consideration for which the title was to be made, yet that they were acts to be mutually performed at the same time. And if the defendant was ready to pay, and offered to pay, he did all that was necessary to entitle him to demand performance, on the part of the plaintiff. If this be the true construction, then the plaintiff could not recover, without averring and proving like.readiness, and offer to perform on his part. Now, as the plaintiff held the defendant’s note, which is a direct and unconditional engagement to pay a sum of money, on a day certain, without reference to any act to be done by him before the day, he had only to sue, and declare on it, in the usual form, after the day was passed. — ■ The defendant held the plaintiff’s bond, in a penalty, with condition to make titles, if the notes were paid. If the defendant had brought an action on the bond, he must have averred payment of the notes, in the declaration, and would have failed at the trial, without proof of actual payment. An offer to pay, even an actual tender of the money, but withholding it because the title was not made, would not have sufficed. The actual payment of the money by the defendant, was a condition precedent, before he could demand a conveyance. Such would be the const ruction, if the agreement to pay the money, as exhibited in the note, and the covenant to make titles, as exhibited in the condition of the bond, were contained in one deed, executed by both. The intention of the parties would be manifest from the terms employed. It is more clearly manifested, by executing separate instruments, the defendant giving notes payable at different, but certain days; and the plaintiff giving his bond, to make titles if the defendant paid the notes. If the defendant could not have demanded a coveyance, on payment of the first note, he could not until after payment of both. And if without actual payment, he was not entitled to have *447 a conveyance, it is immaterial to the issue, whether the conveyance executed by the plaintiff, was a good and lawful title, or not. It is enough, as said by the court, in Davis v. Woodward, 2 Const. Rep. 56, (Mill.,) if he shall be ready to perform his engagement, when the notes shall be paid. If he fails, then, to make such a conveyance as his bond calls for, he must suffer the consequences of his failure. We cannot agree that the execution .of an imperfect conveyance before any could be demanded, changed the position of the parties, or the condition of the covenant; that it relieved the defendant of any obligation, or waived any right on the part of the plaintiff
Henry & Bobo, for the motion.
II. H. Thompson, contra.
The motion to set aside the decree of the circuit court is granted, and a new trial ordered.
O’Neall, Evans and Butler, Justices, concurred.